IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| VERNON HORTON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | NO. 5:13-cv-439 (MTT) (CHW) |
| | : | |
| Warden WILLIAM DANFORTH, | : | Proceedings Under 28 U.S.C. § 2254 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Now before the Court is a Motion to Dismiss filed by Respondent, William Danforth. (Doc. 7). Respondent contends that Petitioner's § 2254 habeas petition is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). Because Petitioner failed to file his petition within AEDPA's one-year limitations period, and because Petitioner failed to show that he is entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, and that the instant petition be **DISMISSED**.

**BACKGROUND**

On October 15, 1998, Petitioner was found guilty by a Hancock County jury of armed robbery, theft by taking, and possession of a firearm during the commission of a crime. (Doc. 9-2, p. 1). Petitioner appealed to the Georgia Court of Appeals, who affirmed Petitioner's convictions in an opinion dated September 1, 2004. *Horton v. State*, 269 Ga. App. 407. The record does not indicate that Petitioner sought further direct review. The facts in Petitioner's case, as described by the Georgia Court of Appeals, are as follows:

1

> [T]he evidence shows that Horton entered a store wearing a ski mask and brandishing a handgun. While pointing the handgun at the clerk, he demanded and took money belonging to the store and the keys to the clerk's automobile and then left in the clerk's car.

*Horton*, 269 Ga. App. 408

Over seven years after the Georgia Court of Appeals affirmed Petitioner's convictions, on April 13, 2012, Petitioner filed a state habeas corpus petition. (Doc. 9-1). On February 14, 2013, however, the state habeas court dismissed Petitioner's state petition as untimely under O.C.G.A. § 9-14-42(c). (Doc. 9-2). Petitioner then filed an application for a certificate of probable cause to appeal which was denied by the Georgia Supreme Court on September 23, 2013. (Doc. 9-4). Petitioner filed the instant federal habeas corpus petition on November 5, 2013.

## ANALYSIS

Respondent argues that Petitioner failed to file his federal habeas petition within AEDPA's one-year limitations period, and that the instant petition should therefore be dismissed. Because Petitioner did, indeed, fail to timely file his petition, and because equitable tolling is not warranted, it is recommended that Respondent's Motion to Dismiss be granted.

AEDPA provides, in relevant part:

> a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1).

Direct review in Petitioner's case ended 10 days after September 1, 2004, when the Georgia Court of Appeals affirmed Petitioner's conviction. *See* Ga. S.Ct. Rule 38(1) ("Notice of intention to apply for certiorari shall be given to the Clerk of the Court of Appeals within 10 days after the date of entry of judgment . . . ."). Petitioner's one-year AEDPA limitations period

expired, therefore, in September 2005—well before Petitioner filed his state habeas corpus petition on April 13, 2012. Thus, Petitioner's federal petition is clearly untimely.

Although the doctrine of equitable tolling may allow district courts to review untimely petitions, that doctrine is "typically applied sparingly," and is normally appropriate only where a petitioner "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). Petitioner failed to respond to Respondent's Motion to Dismiss, despite a Court order to do so, (Doc. 8), and nothing in the record indicates that Petitioner's untimeliness should be excused. Accordingly, equitable tolling is not warranted.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within AEDPA's one-year limitations period, and because Petitioner is not entitled to equitable tolling, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 7) be **GRANTED**, and that Petitioner's § 2254 petition be **DISMISSED**. Additionally, Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order. Finally, pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 28th day of March, 2014.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge